**UNITED STATES DISTRICT COURT**

**FOR THE**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DAVID GORDON OPPENHEIMER,<br><br>Plaintiff,<br>v.<br><br>COMPASS MASSACHUSETTS, LLC<br>d/b/a BOSTON CONDO BUYERS GUIDE<br><br>and<br><br>DOUG GRIBBEL,<br><br>Defendants. | Civil Action<br><br>No. 1:26-cv-14080 |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer" or "Plaintiff") by and through his undersigned counsel, brings this Complaint against Defendants COMPASS MASSACHUSETTS, LLC d/b/a BOSTON CONDO BUYERS GUIDE and DOUG GRIBBEL ("Defendants") for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Oppenheimer's original copyrighted Work of authorship.

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints and license his works

for commercial purposes. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States. His works have been featured by National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports, and displayed at the Museum of the City of New York.

3. Defendant COMPASS MASSACHUSETTS, LLC doing business in its own name as well as BOSTON CONDO BUYERS GUIDE ("Compass") is a real estate brokerage and residential property advisory business located at 126 Newbury Street, 2nd Floor, Boston, Suffolk County, Massachusetts 02116. Compass serves buyers and sellers in the Boston area. The company provides access to residential listings, market information, and real estate services designed to help clients evaluate, purchase, and sell real estate properties throughout Boston and Eastern Massachusetts. At all times relevant herein, Compass owned and operated the internet website located at the URL https://www.bostoncondobuyersguide.com/ (the "Website").

4. Defendant DOUG GRIBBEL ("Gribbel") is a real estate broker who provides real estate services in the Boston metropolitan area. Upon information and belief, Gribbel is a licensed broker with Compass. According to Gribbel's profile, located at the URL: https://www.compass.com/agents/doug-gribbel/, Gribbel created the Website for Boston Condo Buyers under Compass as shown below:



Social Media

LinkedIn

Instagram

Facebook

Awards

RealTrends Verified, 2025

About Doug

**Doug Gribbel is a top 1.5% agent in the country who specializes in Downtown Boston.** He brings a unique set of skills and experience to his work representing sellers, buyers, investors and renters in **Downtown Boston**. After graduating from the **Wharton School** at the University of Pennsylvania and getting his **MBA from M.I.T.,** Doug has spent **over 25 years working in Tech and Real Estate** on both coasts. In between working at Intel for 8 years in Silicon Valley and 5 years at Staples Ecommerce in Framingham, he gained experience in residential real estate consulting, property management, development, real estate marketing, and even started his own company that buys, renovates, furnishes, rents and sells luxury properties in Boston. In 2025, Doug was included in the **RealTrends Verified list of top 1.5% agents in the country** by sales volume. He is a member of the **Top Agent Network** with exclusive access to off-market listings and has **created a website just for Boston Condo Buyers: https://www.bostoncondobuyersguide.com/**

5. Oppenheimer alleges that Defendants copied Oppenheimer's copyrighted Photograph from the internet to advertise, market and promote their real estate business activities. Defendants committed the alleged violations in connection with their real estate business for purposes of advertising, marketing, and promoting their real estate services to prospective clients interested in real estate properties in the Boston area, and in particular the Boston Leather District.

**JURISDICTION AND VENUE**

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Compass is a Delaware corporation registered to do business in the Commonwealth of Massachusetts and is subject to personal jurisdiction in this State.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Compass engaged in infringement in this district, Compass resides in this district, and Compass is subject to personal jurisdiction in this district.

**DEFENDANTS**

10. Compass Massachusetts, LLC conducts business under its own name as well as under the name Boston Condo Buyers Guide. Compass is a Delaware Corporation, with its principal place of business at 110 Fifth Avenue, 5th Floor, New York, NY 10011, and can be served by serving its Registered Agent, namely, CT CORPORATION SYSTEM, 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

11. Doug Gribbel is a real estate broker who can be served at 126 Newbury Street, 2nd Floor, Boston, Suffolk County, Massachusetts 02116.

12. Upon information and belief, one or more of the Defendants own and operate the real estate website, displayed and located at the URL: https://www.bostoncondobuyersguide.com/ (the "Website").

**THE COPYRIGHT-PROTECTED PHOTOGRAPH AT ISSUE**

13. In 2018, Oppenheimer created an aerial photograph of the Leather District of Boston from a helicopter. The photograph entitled "Boston Leather District Real Estate Aerial," is shown below with its accompanying caption and referred to herein as the "Photograph."



*Boston Leather District real estate in Boston, Massachusetts aerial - Copyright 2019 David Oppenheimer - Performance Impressions aerial photography archives - https://performanceimpressions.com*

14. Oppenheimer's Photograph is protected by copyright. The perspective, orientation, positioning, lighting, and other details of the image are entirely original and creative. As such, the Photograph qualifies as subject matter protectable under the Copyright Act. At the time Oppenheimer created the Photograph, Oppenheimer applied Copyright Management Information ("CMI") to the Photograph.

15. Oppenheimer registered the Photograph with the United States Copyright Office on September 26, 2019 as part of a group registration. The Photograph is on record with the contents title "*Boston_Leather_District_aerial_7921.jpg*" and is identified in the third main bulleted list on page 4 of the copyright registration certificate assigned the registration number VAu 1-373-056. A copy of the Certificate of Registration is attached hereto as **Exhibit 1** and is incorporated herein by reference.

16. At all relevant times Oppenheimer is and continues to be the owner of the Photograph including the copyright thereto.

## INFRINGEMENT BY DEFENDANTS

17. Defendants have never been licensed to use the Photograph for any purpose.

18. On a date after the Photograph at issue in this action was created, but prior to the filing of this action, one or more of the Defendants copied the Photograph.

19. Within three years of filing this action, Oppenheimer learned of the unauthorized use of his Photograph on the Website at the following URLs:

a. https://www.bostoncondobuyersguide.com

b. https://images.squarespace-cdn.com/content/v1/641b5382d6e73379d74b8ef5/7dc2c633-29f5-4ced-9592-204d4edf4fe3/Leather+District+Boston+Neighborhood.jpg

20. One or more Defendants copied Oppenheimer's copyright-protected Photograph without Oppenheimer's permission.

21. Defendants reproduced and distributed the Photograph online to advertise, market, and promote their real estate business and services in connection with real estate in and around Boston.

22. One or more Defendants committed copyright infringement of the Photograph as evidenced by the documents attached hereto as **Exhibit 2**, which are incorporated herein by reference.

23. Oppenheimer never gave Defendants permission or authority to copy, distribute or display the Photograph for any purpose.

24. Oppenheimer notified Defendants of the allegations set forth herein on or about June 18, 2025, and July 3, 2025. To date, the parties have failed to resolve this matter.

25. When Defendants copied and displayed the Photograph at issue in this case, Defendants removed Oppenheimer's CMI from the Photograph.

26. Oppenheimer never gave Defendants permission or authority to remove CMI from the Photograph at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

27. Oppenheimer incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Oppenheimer owns a valid copyright in the Photograph.

29. Oppenheimer registered the Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. Defendants reproduced, displayed, distributed, and/or prepared derivative Photographs based on the Photograph without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

31. Defendants performed the acts alleged in the course and scope of their real estate business activities.

32. Defendants' acts were willful.

33. Oppenheimer has been harmed.

COUNT II
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**

34. Oppenheimer incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

35. The Photograph at issue in this case, as published by Oppenheimer, contains CMI with a legible caption with a proper notice of copyright, and mentions that the photograph is part of Performance Impressions aerial archives with the website address for Oppenheimer's photography business listed, and with his first and last name identified in the filename of the Photograph. The Photograph contained an identifying watermark as coming from the Fine Art America storefront where Oppenheimer sells photographs and licenses his images.

36. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the face of the Photograph and its metadata, and also omitted the accompanying notice of copyright of the Photograph's caption from its subsequent infringing distributions and displays in violation of 17 U.S.C. § 1202(b).

37. Defendants committed these acts knowing or having reasonable grounds to know that they would induce, enable, facilitate, and/or conceal infringement of Oppenheimer's rights in the Photograph at issue in this action protected under the Copyright Act.

38. Defendants caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that they would induce, enable, facilitate, and/or conceal infringement of Oppenheimer's rights in the Photograph at issue in this action protected under the Copyright Act.

39. Oppenheimer has been harmed.

40. Defendants have benefited from their infringement of the Photograph; the unauthorized use undermined the Photograph's exclusivity, diminished its licensing value, and caused irreparable injury to Oppenheimer's business, reputation, and professional goodwill—including by disrupting the controlled distribution and attribution essential to his business—thereby resulting in monetary loss and dilution in the marketplace. Accordingly, Oppenheimer is entitled to injunctive relief, damages, and other relief authorized under the Copyright Act.

COUNT III
**VICARIOUS COPYRIGHT INFRINGEMENT**

41. Oppenheimer incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

42. Oppenheimer owns a valid copyright in the Photograph at issue in this case.

43. Oppenheimer registered the Photograph at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

44. Gribbel reproduced, displayed, distributed, and/or prepared derivative works based upon the Photograph without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

45. Upon information and belief, Gribbel had the right and ability to supervise the infringing activities on behalf of Compass alleged herein.

46. Upon information and belief, Compass directed Gribbel to upload the Photograph alleged herein.

47. Gribbel had a direct financial interest in the infringing activities alleged herein.

48. As a result of Gribbel's vicarious infringement as alleged above, Gribbel obtained direct and indirect profits he would otherwise not have realized but for its infringement of the Photograph.

49. Gribbel continued to reproduce, display, and distribute the Photograph at issue with knowledge that such acts violate Oppenheimer's intellectual property rights.

50. Oppenheimer has been damaged.

51. The harm caused to Oppenheimer has been irreparable.

WHEREFORE, the Plaintiff DAVID GORDON OPPENHEIMER prays for judgment against Defendants COMPASS MASSACHUSETTS, LLC in its own name as well as it is conducting business under the name BOSTON CONDO BUYERS GUIDE and DOUG GRIBBEL that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501, 1203;

b. Defendants be required to pay Oppenheimer his actual damages and Defendants' profits attributable to the infringement, or, at Oppenheimer's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Oppenheimer be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Oppenheimer be awarded pre- and post-judgment interest; and

e. Oppenheimer be awarded such other and further relief as the Court deems just and proper.

**OPPENHEIMER HEREBY DEMANDS A JURY TRIAL OF ALL ISSUES SO TRIABLE.**

Dated: September 4, 2026

Respectfully submitted,
*Counsel for Plaintiff David Gordon Oppenheimer*

/s/ *Andrew D. Epstein*
ANDREW D. EPSTEIN (BBO #155140)
99 Rockland Street
Swampscott, MA 01907
Photolaw@aol.com
(617) 272-5700